**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GOODBYS CREEK, LLC,
a Florida limited
liability corporation,

       Plaintiff,

vs.                                  CASE NO. 3:07-cv-947-J-34HTS

ARCH INSURANCE COMPANY,
a Missouri corporation,

       Defendant.
_____

**O R D E R**

This cause is before the Court on Plaintiff's Motion to Compel and for Sanctions (Doc. #57; Motion). The Motion is opposed. *See* Defendant, Arch Insurance Company's, Response in Opposition to Plaintiff, Goodbys Creek, LLC's, Motion to Compel (Doc. #61; Opposition). At issue are three requests for production, Motion at 3; Opposition at 5-6, which will be addressed in turn.

**I.  Background**

On October 4, 2005, The Auchter Company (Auchter) entered into a contract with Plaintiff, Goodbys Creek, LLC (Goodbys), to act as the general contractor for a project to construct a condominium in

Duval County, Florida, known as "The Cove[.]" Complaint (Doc. #1, Complaint) at 3. Pursuant to Document A101 - 1997 (Contract), attached to the Complaint as exhibit "A," at (externally numbered) 11-58, Auchter furnished a performance bond and payment bond, for which Defendant, Arch Insurance Company (Arch), was the surety. Complaint at 3; Contract at (externally numbered) 17, 53; Opposition at 2. Section 2.2.1 of the General Conditions of the Contract for Construction provides:

> The Owner shall, at the written request of the Contractor, prior to commencement of the Work and thereafter, furnish to the Contractor reasonable evidence that financial arrangements have been made to fulfill the Owner's obligations under the Contract. Furnishing of such evidence shall be a condition precedent to commencement or continuation of the Work.

Contract at (externally numbered) 29-30. Such assurance was demanded under the Contract, but Goodbys allegedly failed to provide it. Opposition at 3. Thus, on April 1, 2007, Auchter terminated the Contract, Complaint at 3; *cf.* Contract at (externally numbered) 56, and assigned all rights under the Contract to Arch on October 23, 2007. Assignment of Claim of Lien and Contract Rights and Proceeds, and Warranty of Cooperation (Assignment), attached to Defendant/Counterplaintiff, Arch Insurance Company's Unopposed Motion for Leave to Amend Counterclaim and Motion for Joinder (Doc. #39) at (externally numbered) 54-57.

## II.  Discussion

**Request 2**

This request seeks "[a]ll [d]ocuments and [e]lectronic [d]ocuments that evidence, reflect, substantiate and/or relate to all communications between Arch and Auchter from January 1, 2006 to the present."  Request for Production (Request), attached to the Motion as "Exhibit A" at (externally numbered) 13; Motion at 3. Defendant assented to producing communications "relate[d] to the Project," Arch Insurance Company's Amended Response to Request for Production, attached to the Motion as "Exhibit C" at (externally numbered) 57, but has refused to produce documents it considers "irrelevant to this matter[,]" such as "correspondence regarding other projects[.]"  Opposition at 6.

Plaintiff contends this information is relevant to prove its claim Arch violated the duty of good faith and fair dealing with respect to the performance bond.[1]  *See* Motion at 6; Complaint at 8-9.  Goodbys argues Defendant's "conduct with respect to the instant Project is one part of a pattern of bad faith conduct to protect itself from liability[,]" and "therefore[,] communications between Arch and Auchter relating to Auchter's financial difficulties could be found beyond Arch's Project documents."  Motion at 7.

---

[1] On July 31, 2008, the Court entered an Order (Doc. #58) granting, in part, Defendant's Motion for Judgment on the Pleadings (Doc. #18).  In the Order, the Court dismissed Counts II, III, and V of the Complaint.  Order at 19. Therefore, the remaining claims include Count I, alleging a breach of the performance bond, and Count IV, alleging a breach of the duty of good faith and fair dealing with respect to the contract and performance bond.

Essentially, Goodbys believes Arch knew Auchter was having serious financial problems, "exposing Arch to pay potentially over $100,000,000.00 on the payment and performance bonds it had issued." *Id.* Therefore, in an attempt to avoid at least part of this liability, Arch "encouraged Auchter to wrongfully terminate its contract." *Id.*

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Rule 26(b)(1), Federal Rules of Civil Procedure (Rule(s)). In terms of discovery, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. In Goodbys' "breach of the duty of good faith claim, [Arch's] alleged failure to perform contractual responsibilities must . . . be 'prompted not by an honest mistake, bad judgment or negligence; but[] rather by a conscious and deliberate act' that disappoints [Goodbys'] reasonable contractual expectations[.]" Order (Doc. #58; Order) at 15 (quoting *Mount Sinai Med. Ctr., Inc. v. Heidrick & Struggles, Inc.*, 329 F. Supp. 2d 1309, 1313 (S.D. Fla. 2004). Consequently, information that appears reasonably calculated to lead to evidence showing Arch's failure to perform was conscious and deliberate would be relevant for discovery purposes.

Request 2 seeks an expansive amount of information. Goodbys asks for documents "relat[ing] to *all* communications between Arch

and Auchter[.]" Request at (externally numbered) 13 (emphasis added); Motion at 3.  While it is not beyond the realm of possibility the information sought might lead to evidence showing Arch breached its duty of good faith, such a request is overbroad. *See, e.g., Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) (upholding district court's determination that "requests for all communications . . . were overbroad" (internal quotation marks omitted)); *Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*, No. 07-133, 2008 WL 597711, *5-*6 (E.D. Pa. Mar. 4, 2008) (finding a request seeking "all communications" concerning a party overbroad).  Plaintiff makes no attempt to tailor the subject matter of the request,[2] and has not explained how all communications between Arch and Auchter are relevant to this litigation.  Therefore, production of the requested documents will not be compelled.

**Requests 11 and 12**

Documents evidencing, reflecting, substantiating, or relating to Defendant's "knowledge of [Auchter's] lack of solvency[,] lack of economic viability[,] lack of ability to perform[,]" and Arch's "underwriting file for Auchter relating to the Project" are the subjects of requests 11 and 12.  Request at (externally numbered)

---

[2] While a court may choose to embark on a narrowing of the discovery request, *see Regan-Touhy*, 526 F.3d at 650 n.6, it is under no obligation to do so.  In this case, Arch voluntarily provided the portion of the documents sought it perceived as relevant and nonprivileged.  *See* Motion at 4; *cf.* Middle District Discovery (2001) at 11.

15; Motion at 3. Plaintiff contends this information is relevant to prove its claim Arch violated the duty of good faith and fair dealing. *See* Motion at 6; Complaint at 8-9. Defendant disagrees, and argues "the continuing financial viability of Auchter has no bearing on this case." Opposition at 7.

In the Motion, Goodbys asserts Defendant was "aware that Auchter was insolvent[,]" and "because of this knowledge and because of its potential exposure, Arch acted in its own self-interest and own self-preservation and encouraged Auchter to wrongfully terminate its contract." Motion at 7. In the Complaint, Plaintiff claimed Arch breached the duty of good faith by "wrongfully [making] unreasonable and non-contractually required demands upon [Goodbys] to provide reasonable evidence of [its] ability to pay for the 'Project.'" Complaint at 8. Furnishing of such evidence was a condition precedent to continuation of work. *See* Contract at (externally numbered) 29-30. It is plausible Auchter's alleged financial difficulties could motivate Arch to deliberately breach the Contract as alleged in the Complaint (by making unreasonable demands) for the reasons stated in the Motion (termination of the Contract). Such action might be construed as a failure to perform contractual responsibilities by a conscious and deliberate act. Therefore, the requested information is relevant, and its production will be compelled.

**Request to Produce Documents in their Native Format**

Neither party disputes Goodbys' failure to specify a desired format for the documents. *See* Motion at 8; Opposition at 9. Because of such failure, Arch chose, of its own accord, to produce the requested documents "via TIFF images" rather than in their native format. Opposition at 9. Plaintiff argues by converting the documents to Tagged Image File Format (TIFF) Defendant failed to comply with Rule 34(b)(2)(E)(ii), Motion at 9, which states "[i]f a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms[.]" Therefore, Goodbys requests this Court compel Arch to produce the requested documents in their native format. *See* Motion 8-9.

According to Defendant, Rule 34 "permits a party responding to a request for production to produce documents in a reasonably usable form if the party seeking discovery does not specify the form in which the information is to be produced." Opposition at 8 (internal quotations omitted). Contrary to Goodbys' contention, Arch argues "TIFF images are a reasonably usable form of electronic production." Opposition at 9. However, the responding party's choice of form is limited to the extent

> the option to produce in a reasonably usable form does
> not mean that a responding party is free to convert
> electronically stored information from the form in which
> it is ordinarily maintained to a different form that

> makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation. If the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, *the information should not be produced in a form that removes or significantly degrades this feature*.

Rule 34 advisory committee's note (2006 Amends.) (Note) (emphasis added); *see also In re Seroquel Prods. Liab. Litig.*, 244 F.R.D. 650, 655 (M.D. Fla. 2007) (highlighting the importance of searching functions and the utility of native formats); *Hagenbuch v. 3B6 Sistemi Elettronici Industriali S.R.L.*, No. 04 C 3109, 2006 WL 665005, at *3-*4 (N.D. Ill. Mar. 8, 2006) (finding TIFF images inadequate). It appears Goodbys' central complaint regarding Arch's conversion of the requested documents into TIFF files is the conversion has made searching the numerous documents "much more difficult[,]" Motion at 9, the very concern the Note addresses.

Therefore, to the extent Defendant maintains the requested documents in a form that "makes [them] searchable by electronic means," Note, its decision to convert the documents to a format alleged to be "much more difficult[,]" Motion at 9, to search was impermissible. Consequently, Arch will be compelled to provide any documents previously supplied as TIFF images in their native format, provide the documents in another comparably searchable format, or supply Goodbys with software for searching the TIFF images.

### III.  Conclusion

In light of the foregoing, the Motion (Doc. #57) is **GRANTED** to the extent that Arch shall, within ten (10) days from the date of this Order, produce documents responsive to 1) Requests 11 and 12; and 2) provide any documents previously supplied as TIFF images in their native format, provide the documents in another comparably searchable format, or supply Goodbys with software for searching the TIFF images.  Otherwise, the Motion, including the request for sanctions, *see* Motion at 9, is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of September, 2008.

/s/       Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of record and
     pro se parties, if any