**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GOODBYS CREEK, LLC,
a Florida limited
liability corporation,

       Plaintiff,

v.                                         CASE NO. 3:07-cv-947-J-34HTS

ARCH INSURANCE COMPANY,
a Missouri corporation,

       Defendant.

## O R D E R

This cause is before the Court on Defendant Arch Insurance Company's Motion to Compel Security Real Estate Services, Inc. to Respond to Subpoena and First Request for Production of Documents (Doc. #88; Motion), filed on December 8, 2008. While Arch Insurance Company (Arch) maintains it "conferred with counsel for Security [Real Estate Services, Inc. (Security)] in writing[,]" prior to filing this Motion, Motion at 8; *see also* letter dated November 24, 2008, attached to the Motion as Exhibit C (Letter), it has not complied with Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida (Local Rule(s)).

A "very important rule[,]" *Desai v. Tire Kingdom, Inc*., 944 F. Supp. 876, 878 (M.D. Fla. 1996), Local Rule 3.01(g) mandates "a substantive conversation in person or by telephone in a good faith

effort to resolve the motion without court action[.]" *Lockheed Martin Corp. v. The Boeing Co.*, No. 6:03-cv-796-Orl-28KRS, 2003 WL 22962782, at *5 (M.D. Fla. Oct. 21, 2003); *see also Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575, at *2 n.1 (M.D. Fla. Aug. 14, 2000) ("Rule 3.01(g) requires counsel . . . to . . . speak to each other in person or by telephone[.]").  In view of the importance of such effort, "Local Rule 3.01(g) is strictly enforced." *United States v. Gwinn*, No. 8:02-CV-1112-T-27EAJ, 2003 WL 21356785, at *2 (M.D. Fla. Apr. 25, 2003) (citing Middle District Discovery (2001)).

Here, the alleged good faith attempt consists of a single letter detailing "Security's failure to respond to Arch's Subpoena and First Request for Production[,]" Motion at 6, and stating "[i]f [the] documents are not received by December 5, 2008, [it] will have no choice but to file a motion to compel[.]" Letter.  The Motion does not reflect any further attempts at resolution.[1]

Accordingly, the Motion (Doc. #88) is **STRICKEN** without prejudice to the filing of a subsequent motion if necessary,

---

[1] The Court has already emphasized the importance of Rule 3.01(g).  *See* Order (Doc. #81), filed on September 11, 2008.

following compliance with the conferral requirements of Local Rule 3.01(g).

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of December, 2008.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record and
    pro se parties, if any