UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GOODBYS CREEK, LLC,
a Florida limited
liability corporation,

       Plaintiff,

vs.                              CASE NO. 3:07-cv-947-J-34HTS

ARCH INSURANCE COMPANY,
a Missouri corporation,

       Defendant.
_____

**O R D E R**[1]

This cause is before the Court on the Motion to Strike Expert Witness Disclosures of Goodbys Creek, LLC and Preclude Testimony of Joseph Petitta and Joseph Frisco (Doc. #107; Motion). Plaintiff opposes the Motion. *See* Goodbys Creek, LLC's Memorandum of Law in Opposition to Arch's Motion to Strike Expert Witness Disclosures and Preclude Testimony (Doc. #110; Opposition).

Defendant, Arch Insurance Company (Arch), argues the expert reports of Joseph P. Petitta and Joseph R. Frisco should be stricken and these witnesses precluded "from providing expert testimony or supplying evidence on any motion, or at any hearing or trial in this action." Motion at 15. It is contended the reports

---

[1] Pursuant to § 205(a)(5) of the E-Government Act of 2002, this Order is available electronically. It is not otherwise intended for publication or to serve as precedent.

"fail to sufficiently state the content of Petitta and Frisco's opinions, the manner in which [they] reached those opinions, the substantive basis for their opinions, or specifically set forth the documents that served as the basis for their opinions." *Id.* at 14. According to Arch, Goodbys Creek, LLC (Goodbys) "cannot be permitted to avoid the deadlines set by this Court simply by serving clearly inadequate Written Reports, only to turn around and seek to supplement those reports[.]" *Id.* at 19.

Goodbys maintains that, "[t]o the extent that either of [its] expert reports is insufficient . . . , the Court should allow [it] to cure the insufficiency by supplementing its reports and allowing Arch to conduct expert discovery[.]" Opposition at 4. Nevertheless, it asserts the disclosures "substantially comply with the requirements of Rule 26(a)(2)(B)[,]" Federal Rules of Civil Procedure (Rule(s)). *Id.* at 2. Plaintiff additionally claims "Joseph Frisco is a hybrid fact/expert witness, for [whom] compliance with Rule 26(a)(2)(B) is not required." *Id.* at 3.

Pursuant to Rule 26(a)(2)(B),

> disclosure[s] must be accompanied by a written report-- prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v)

> a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

An expert report is adequate when it is "sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." *Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996); *see also Acosta v. Electrolux North America*, No. 08-60213-CIV, 2008 WL 5246160, at *5 (S.D. Fla. Dec. 16, 2008) ("[A]n expert report must be complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial[.]" (internal quotation marks and brackets omitted)). The *Reed* court further explained that the first requirement of the Rule is designed to elicit both "'how' and 'why' the expert reached the conclusions and opinions to be expressed." *Reed*, 165 F.R.D. at 428 n.5.

**Petitta Report**

Upon review, the report prepared by Mr. Petitta obviously fails to meet the requirements of Rule 26(a)(2)(B). His brief rendition consists primarily of legal conclusions. *Cf. Chodnicki v. Old Forge Bank*, No. 3:07cv1112, 2009 WL 703165, at *2 (M.D. Penn. Mar. 12, 2009) ("An expert witness generally may not provide legal opinions."). General statements concerning the state of the law are followed by vague assertions that Defendant is culpable. For instance, he declares Arch "breached its duty of good faith and

fair dealing . . . by its course of action that was intended to, and resulted in economic benefit to itself to the detriment of the obligee." Written Report of Joseph P. Petitta, AIC, attached to the Motion, at (externally numbered) 3. The document presents such allegations without disclosing any underlying analysis or factual basis,[2] reading like a complaint rather than an expert report. As pointed out by Movant, *see* Motion at 10-12, Mr. Petitta's report bears an uncanny resemblance to portions of the Complaint (Doc. #1). This is obviously not a situation in which an expert merely included a "passing reference to a legal principle or assumption in an effort to place his opinions in some sort of context[.]" *Travelers Indem. Co. of Illinois v. Royal Oak Enters. Inc.*, No. 5:02-CV-58-OC-10GRJ, 2004 WL 3770571, at *2 (M.D. Fla. Aug. 20, 2004).

Here, supplementation of disclosures was to be provided within "thirty (30) days of learning that a previous response or disclosure is in some material respect incomplete or incorrect; and, in any event, no later than March 27, 2009, unless otherwise ordered." Case Management Report (Doc. #51) at 3 (incorporated as

---

[2] Mr. Petitta merely asserts his "opinions will be based on documents provided, as well as [his] 38 years' experience . . . ." *Id.* Clearly this is not enough to meet the mandate that an expert provide a complete statement of the basis for the opinions and the data considered in forming them. Additionally, instead of supplying "any exhibits that will be used to summarize or support" his opinions, Rule 26(a)(2)(B)(iii), the expert states "[e]xhibits to be used to summarize and support [his] opinions have not yet been compiled or created." *Id.* at 3, 4.

modified by the Amended Case Management and Scheduling Order (Doc. #55; ACMSO)).

Rule 26(e)(1)(A) requires supplementation in situations where "the party learns that in some material respect the [original] disclosure or response is incomplete or incorrect[.]" Hence, it has been held "Rule 26(e) allows supplementation of expert reports only where a disclosing party learns that its information is incorrect or incomplete." *Oklahoma v. Tyson Foods*, *Inc.*, No. 05-CV-329-GKF-SAJ, 2008 WL 4832658, at *2 (N.D. Okla. Oct. 28, 2008). Still, a report that suffers from "a major omission" cannot be cured by the use of supplementation. *3M Innovative Props. Co. v. Dupont Dow Elastomers*, *LLC*, Civil No. 03-3364 (MJD/JGL), 2005 WL 6007042, at *4 (D. Minn. Aug. 29, 2005) (alteration and internal quotation marks omitted). Supplementation of an expert report pursuant to Rule 26(e) also "does not cover failures of omission because the expert did an inadequate or incomplete preparation." *Id.* (quoting *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002)). Indeed, "Rule 26(e) envisions supplementation when a party's discovery disclosures happen to be defective in some way so that the disclosure was incorrect or incomplete and, therefore, misleading." *Akeva*, 212 F.R.D. at 310; *see also Oklahoma*, 2008 WL 4832658, at *2. In short, the provision exists to "impose[] a duty[,]" not to grant any "right to produce information in a belated fashion." *3M Innovative Props. Co.,* 2005

WL 6007042, at *4 (internal quotation marks omitted). Plainly, under the standard just articulated, Plaintiff cannot use the duty of supplementation to add to Mr. Petitta's opinions.

Pursuant to Rule 37(c)(1), a failure to disclose may result in exclusion of the information "unless the failure was substantially justified or is harmless."

> Substantial justification is justification to a degree that could easily satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. Failure to disclose is harmless where there is no substantial prejudice to the party entitled to receive the disclosure. The non-disclosing party bears the burden of establishing that the failure to disclose was substantially justified or harmless.

*Poole v. Gee*, No. 8:07-CV-912-EAJ, 2008 WL 2397603, at *2 (M.D. Fla. June 10, 2008) (citations and internal quotation marks omitted). There is no argument Mr. Petitta was exempt from the requirement for a complete report, and there is no reasonable room for disagreement about whether the report tendered was sufficient. Thus, substantial justification is not found.

Neither has harmlessness been shown, even if the Court adopts "the four-factor test" urged in the Opposition. Opposition at 5. Despite generically claiming "the testimony of . . . Joseph Petitta . . . is essential[,]" *id.*, it is difficult to imagine how or why since, at present, Plaintiff apparently hopes to use the expert merely to introduce legal conclusions and unelaborated allegations. Moreover, the deficiencies of the report are so extensive and

- 6 -

blatant as to warrant an inference of intentional or willful failure.

Regarding prejudice, Goodbys claims "the suggestion that Arch is now forced to take the deposition of the expert . . . is disingenuous" because "Arch, a week before filing this Motion, already intended to take the deposition[.]" *Id.* at 7; *cf.* email dated March 6, 2009 (March 6th Email), attached to the Opposition as part of Exhibit B, at 2. This argument is unavailing for several reasons. First, the March 6th Email postdates Plaintiff's expert disclosures by four weekdays and was presumably sent after receiving and reviewing same. Therefore, it is not as though Defendant indicated a desire to depose Mr. Petitta without regard to his report. Second, the requested deposition date of April 24, 2009, *see* March 6th Email at 2, would not have been inconsistent with an intention to consider the filing of a motion (if necessary) such as the one before the Court. Finally, even if a deposition of every expert were taken by Defendant as a matter of course, furnishing it with a woefully inadequate report adversely impacts upon its ability to prepare for and conduct the deposition.

Apart from the allegation "Arch failed to conduct a good faith conference[,]" Opposition at 8 (emphasis omitted),[3] the only factor

---

[3] The Court observes Plaintiff itself has recently "fail[ed] to comply fully with Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida[,]" Order (Doc. #131) at 2 (striking motions to which responses had not yet been filed), and reminds both parties of the need to do so in relation to future

remotely weighing in favor of allowing an untimely report is the status of this litigation. Trial remains several months away, *see* ACMSO at 1, the discovery deadline has been extended through May 29, 2009, and the dispositive motion deadline is June 8, 2009. *See* Order (Doc. #131) at 1. Nevertheless, given the degree of the initial report's inadequacy, once a new disclosure were tendered ample time would need to be afforded Defendant for discovery and the production of rebuttal reports. Even assuming a proper report from Mr. Petitta could be produced relatively quickly, it would be unrealistic to expect that Arch would not be unfairly disadvantaged by having its rebuttal period nearly overlapping the deadline for dispositive motions.

**Frisco Report**

To the extent an expert report is required from Mr. Frisco, his submission is likewise deficient. Impermissibly vague as to both opinions and bases, as with Mr. Petitta's submission it also fails to identify the exhibits that would be used for support and summarization. *See* Written Report of Joseph R. Frisco (Frisco Report), attached to the Motion, at (externally numbered) 17-18. Plaintiff, however, suggests this individual "is a hybrid fact/expert witness, for [whom] compliance with Rule 26(a)(2)(B) is not required." Opposition at 3. It is represented that he "is a

---

filings.

shareholder and project manager of W.G. Mills, Inc. South, the contractor retained by Goodbys Creek following The Auchter Company's [purported] abandonment of the project." *Id*. Goodbys hired "W.G. Mills and Mr. Frisco . . . to investigate and evaluate the work of Auchter with respect to . . . the value of the work performed[,] the cost to complete the contract and the project[,] defects and deficiencies in the work performed[,] and . . . the time remaining under the contract[.]" *Id*. at 3-4; *see also id.* at 6 (describing Frisco "[a]s a representative of the replacement contractor hired to complete the Project"). Plaintiff explains Mr. Frisco "would be called as a fact witness to testify on these . . . subject matters[, and] his experience, training and education would also qualify him as an expert." *Id*. at 4.

The reporting requirements of Rule 26(a)(2)(B) do not generally apply to "experts who are testifying as fact witnesses, although they may also express some expert opinions." *Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004) (per curiam) (internal quotation marks omitted); *see also* Middle District Discovery (2001) at 9 ("The expert report is not required of a 'hybrid' witness . . . who was not specifically retained for the litigation and will provide both fact and expert testimony[.]"). The determinative factor is the witness's function in the suit. If he has some "connection to the specific events underlying th[e] case apart from his preparation for th[e] trial[,]" he might be exempt

from the detailed reporting requirements of the Rule. *Prieto*, 361 F.3d at 1318; *cf*. Rule 26 advisory committee note ("[T]he term expert . . . refer[s] to those persons who will testify under Rule 702 of the Federal Rules of Evidence with respect to scientific, technical, and other specialized matters. The requirement of a written report in paragraph (2)(B) . . . applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony.").

In this case, it is indicated the witness, Mr. Frisco, has never "testified as an expert at trial or in deposition." Frisco Report at (externally numbered) 18. In addition, Plaintiff suggests his opinions are to be based on personal observations and conclusions made during the time he served as "shareholder and project manager" of the company "retained . . . following The Auchter Company's [purported] abandonment of the project." Opposition at 3; *cf.* Frisco Report at (externally numbered) 17-18. Specifically, Mr. Frisco intends to give opinions regarding the status of construction once he arrived, the amount of money it would require to complete the work, and how much time it would take. *See* Frisco Report at (externally numbered) 17-18. Accepting Goodbys' representations, the Court will not preclude this expert's testimony, but he will be limited to opinions formed and "information gained in his role as" replacement contractor. *St.*

*Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.*, 246 F.R.D. 56, 59 (D.D.C. 2007).

In view of the foregoing discussion, the Motion (Doc. #107) is **GRANTED** to the extent the report submitted by Joseph Petitta is **STRICKEN** and he is precluded "from providing expert testimony or supplying evidence on any motion, or at any hearing or trial in this action." Motion at 21. Joseph Frisco, as a hybrid witness, is exempt from providing a report, but his testimony will be limited to opinions and information derived from his role as replacement contractor. Otherwise, it is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of April, 2009.

/s/ Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record and
　　pro se parties, if any