```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        JACKSONVILLE DIVISION
```

GOODBYS CREEK, LLC,
a Florida limited
liability corporation,

       Plaintiff,

vs.                            CASE NO. 3:07-cv-947-J-34HTS

ARCH INSURANCE COMPANY,
a Missouri corporation,

       Defendant.
_____

## **O R D E R** [1]

This cause is before the Court on the following matters:

1. Arch Insurance Company's [(Arch)] Motion to Strike Affirmative Defenses of Security Real Estate Services, Inc. (Doc. #104; Motion), which is opposed. *See* Security Real Estate Services, Inc.'s Response in Opposition to Arch Insurance Company's Motion to Strike Security's Affirmative Defenses (Doc. #109; Opposition); *cf.* Order (Doc. #128).

According to Arch, "many of" the affirmative defenses contained in Fairfield Financial Services' [(Security)] Answer to the Amended Counterclaim, Affirmative Defenses, and Counter-

---

[1] Pursuant to § 205(a)(5) of the E-Government Act of 2002, this Order is available electronically. It is not otherwise intended for publication or to serve as precedent.

Counterclaim Against Arch Insurance Company (Doc. #111; Answer) "are legally deficient[.]" Motion at 2. It contends, "because they are invalid as a matter of law[,]" they should be stricken. *Id.* at 16.

Pursuant to Rule 12(f), Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "'[a] motion to strike is a drastic remedy[,]' which is disfavored by the courts[.]" *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962))(second alteration in *Thompson*); *see also Chicago Title Ins. Co. v. Commonwealth Forest Invs., Inc.*, No. 3:06-cv-1082-J-12MCR, 2007 WL 201096, at *1 (M.D. Fla. Jan. 24, 2007). "A court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 691 (M.D. Fla. 2003) (internal quotation marks omitted); *see also Green v. Amjak Enters., Inc.*, No. 2:06-cv-264-FtM-29SPC, 2006 WL 2265455, at *1 (M.D. Fla. Aug. 8, 2006); *Cherry v. Crow*, 845 F. Supp. 1520, 1524 (M.D. Fla. 1994).

Security's First Affirmative Defense alleges that "Count VII of the Amended Counterclaim fails to state a claim upon which

relief can be granted pursuant to Florida law." Answer at 8. "'An affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives . . . fair notice of the nature of the defense.'" *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (quoting 5 Wright and Miller, Federal Practice and Procedure § 1274; first alteration in *Lawrence*). Although the Court could likely exercise its discretion to strike the defense, it does not perceive a need to do so under the circumstances. *Cf. Jackson v. Bellsouth Comms.*, No. 00-7558-CIV, 2002 WL 34405199, at *2 (S.D. Fla. Nov. 27, 2002) (declining to strike "a blanket statement that 'each and every count of plaintiffs' Fourth Amended Complaint' fails to state a claim").

Movant argues Security's "Second, Third, Fourth, Fifth, Tenth[,] Thirteenth[, and Fourteenth] Affirmative Defenses are insufficient as a matter of law" because "Florida . . . recognizes the Impairment of Surety Doctrine, which imposes a duty upon [Security] arising out of the Payment and Performance bonds." Motion at 7 (emphasis omitted). In addition to relying on a Restatement, *see id.* at 10, it asserts "several cases completely support Arch's Impairment claim." *Id.* at 11. Security explains, in part, that Movant's use of the Restatement is misleading, *see* Opposition at 7, and that "[t]he Florida case law . . . Arch [cites] in its Motion relates only to a defense that a surety may raise in response to a claim <u>against the surety</u> alleging a breach

- 3 -

of the terms of the performance bond by the surety." Opposition at 6. The arguments concerning the Sixth Affirmative Defense are similar. *See* Motion at 12; Opposition at 13.

> It has been said a
>
> motion to strike an affirmative defense . . . for legal insufficiency is not favored and will not be granted unless it appears to a certainty that [the movant] would succeed despite any state of the facts which could be proved in support of the defense. Moreover, even when the facts are not disputed, several courts have noted that a motion to strike for insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law.

*E.E.O.C. v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 170 (E.D.N.Y. July 15, 2004) (internal quotation marks omitted); *see also In Re: Paramount Lake Eola, L.P. Litig.,* Nos. 6:08-cv-1270-Orl-28KRS, et al., 2008 WL 5191449, at *1-2 (M.D. Fla. Dec. 10, 2008). Since it appears the matter turns on disputed and substantial aspects of legal interpretation, the Motion will be denied as it relates to the Second, Third, Fourth, Fifth, Sixth, Tenth, Thirteenth, and Fourteenth Affirmative Defenses.[2]

According to Arch, Security's "Eighth and Ninth Affirmative Defenses are insufficient as a matter of law as each fails to state the facts supporting the elements for estoppel and waiver." Motion at 13 (emphasis omitted). These defenses allege the "claim in Count VII of the Amended Counterclaim is barred in whole or in part

---

[2] The issue may, of course, be raised again, such as "on motions for summary judgment." *In Re: Paramount Lake Eola, L.P. Litig.,* 2008 WL 5191449, at *2.

by the" doctrines of estoppel and waiver, respectively, "as a result of Arch's unjustified failure to perform and/or its breach of its duties pursuant to the Performance Bond[.]"  Answer at 10.  In the Opposition, Security clarifies "[b]oth . . . are supported by Arch's representations as to its bases for refusing to perform under the Performance Bond, which have changed over time . . . ." Opposition at 13.  While not specifying all the underlying facts, they do in general terms give notice as to the nature of the defenses asserted.  *Cf. Lawrence*, 182 F. App'x at 456. Consequently, neither the Eighth nor the Ninth[3] Affirmative Defense will be stricken.

Despite not developing the argument in its memorandum, Arch also states "[t]he Fifteenth Affirmative defense is legally insufficient and should be stricken, as it is . . . not a defense to [the] Impairment claim, and [Security] is improperly attempting to mix Arch's claim for Impairment with a claim on behalf of Auchter, as subrogee, which Arch has not alleged against [Security.]"  Motion at 3.  "[T]o the extent that Arch agrees to be bound by its representation that its claim against Security is not based . . . on the equitable doctrine of subrogation, then Security would be willing to withdraw its Fifteenth Affirmative Defense." Opposition at 14-15.  As the Court expects Movant to honor its

---

[3] If Movant also desires that the Seventh Affirmative Defense be stricken, *see* Motion at 3; *but see id.* at 5 n.2, the same analysis applies thereto.

representation, it will be bound thereby, and the Fifteenth Affirmative Defense will be deemed withdrawn.

Security's "Seventeenth Affirmative Defense is insufficient[,]" it is last insisted, "as [Security] is required to name the third parties [whom] it claims Arch's damages resulted from."  Motion at 15 (emphasis omitted).  Arch additionally contends "this type of . . . defense is typically asserted [against] a negligence claim and is inapplicable to Arch's Impairment claim."  *Id.*  The Seventeenth Affirmative Defense states "Arch's damages as alleged in Count VII of the Amended Counterclaim, if any, in whole or in part, resulted from the actions or omissions of third parties."  Answer at 12.  The Opposition neglects to address the Motion insofar as it pertains to this affirmative defense.  Nevertheless, it will not be stricken.  That the type of defense at issue might indeed "typically [be] asserted in" the context of negligence actions, Motion at 15, does not establish Security is prohibited from employing it in the instant case.  Further, in relation to the failure to name the third parties alluded to, it has been held failure to "identify any third parties by name" does not prevent an affirmative defense from "adequately put[ting a party] on notice that third parties may be at fault."  *Cox v. Nestle USA, Inc.*, No. 06-1263 B/P, 2008 WL 4443266, at *2 (W.D. Tenn. Sept. 26, 2008).

In accordance with the foregoing, the Motion (Doc. #104) is **GRANTED** to the extent Security's Fifteenth Affirmative Defense is deemed **WITHDRAWN**. Otherwise, it is **DENIED**.

2. Security Real Estate Services, Inc.'s Motion to Strike Certain of Arch Insurance Company's Affirmative Defenses and Claim for Attorneys' Fees (Doc. #112; Motion to Strike). The Motion to Strike is opposed, in part. *See* Memorandum in Opposition to Security Real Estate Services, Inc.'s Motion to Strike Certain of Arch Insurance Company's Affirmative Defenses and Claim for Attorneys' Fees (Doc. 112) (Doc. #126; Response). The viable portions of the Motion to Strike concern the first, fourth and fifth affirmative defenses, as well as the request for attorney fees, contained in Arch Insurance Company's Answer and Affirmative Defenses to Counts I and II of t[he] Counter-Counterclaim of Security Real Estate Services, Inc. (Doc. #105; Answer to Counter-Counterclaim). *See* Answer to Counter-Counterclaim at 6-8.

Security declares "Arch's First Affirmative Defense is a denial of the allegations of the Counter-Counterclaim rather than an affirmative defense, and is therefore legally insufficient." Motion to Strike at 5 (emphasis omitted); *see also id.* at 6 ("Arch's First Affirmative Defense merely denies that Goodbys performed all of its obligations under the Construction Contract, and is properly a denial rather than an affirmative defense[.]"). To the extent defenses amount to denials, "the proper remedy is

In accordance with the foregoing, the Motion (Doc. #104) is **GRANTED** to the extent Security's Fifteenth Affirmative Defense is deemed **WITHDRAWN**. Otherwise, it is **DENIED**.

2. Security Real Estate Services, Inc.'s Motion to Strike Certain of Arch Insurance Company's Affirmative Defenses and Claim for Attorneys' Fees (Doc. #112; Motion to Strike). The Motion to Strike is opposed, in part. *See* Memorandum in Opposition to Security Real Estate Services, Inc.'s Motion to Strike Certain of Arch Insurance Company's Affirmative Defenses and Claim for Attorneys' Fees (Doc. 112) (Doc. #126; Response). The viable portions of the Motion to Strike concern the first, fourth and fifth affirmative defenses, as well as the request for attorney fees, contained in Arch Insurance Company's Answer and Affirmative Defenses to Counts I and II of t[he] Counter-Counterclaim of Security Real Estate Services, Inc. (Doc. #105; Answer to Counter-Counterclaim). *See* Answer to Counter-Counterclaim at 6-8.

Security declares "Arch's First Affirmative Defense is a denial of the allegations of the Counter-Counterclaim rather than an affirmative defense, and is therefore legally insufficient." Motion to Strike at 5 (emphasis omitted); *see also id.* at 6 ("Arch's First Affirmative Defense merely denies that Goodbys performed all of its obligations under the Construction Contract, and is properly a denial rather than an affirmative defense[.]"). To the extent defenses amount to denials, "the proper remedy is

not to strike the claim[s], but instead to treat [them] as . . . specific denial[s]." *Bluewater Trading LLC v. Willmar USA, Inc.*, No. 07-61284-CIV, 2008 WL 4179861, at *2 (S.D. Fla. Sept. 9, 2008). Consequently, Arch's first affirmative defense will not be stricken.

The Fourth and Fifth Affirmative Defenses set out in the Answer to Counter-Counterclaim should be stricken, urges Security, for failure "to allege the elements of the defense or ultimate facts in support thereof[.]" Motion to Strike at 8-9 (emphasis omitted). For the reasons described in paragraph 1 of this Order, the Motion to Strike will not be granted with regard to these defenses. However, the fourth affirmative defense's reference to "the Complaint[,]" Answer to Counter-Counterclaim at 7, is to be construed as referring to the counter-counterclaim in Fairfield Financial Services' Answer to the Amended Counterclaim, Affirmative Defenses, and Counter-Counterclaim Against Arch Insurance Company (Doc. #111). *See* Response at 6 (use of term *Complaint* "a scriveners error").

Finally, Security alleges "Arch's request for attorneys' fees fails to state a legal basis for such fees and should therefore be stricken." Motion to Strike at 11 (emphasis omitted). It asserts "[n]either the Construction Contract . . . nor the Performance Bond . . . contain a provision which would entitle Arch to attorneys' fees against Security. Also, Security is not a party to the

Construction Contract, [and] is merely a third-party beneficiary through its status as a co-obligee on the Performance Bond." *Id.*

As pointed out by Arch, *see* Response at 8, the request for fees identifies, in part, "the terms of the Contract" as a basis. Answer to Counter-Counterclaim at 8; *cf.* Response at 8 (quoting portions of the construction contract, allegedly incorporated into the performance bond, entitling the prevailing party to fees associated with litigation related thereto or arising therefrom). Whereas Security may ultimately prevail on the issue, it has not at this stage so clearly demonstrated a lack of potential liability that striking Arch's request would be proper.

In view of the foregoing, the Motion to Strike (Doc. #112) is **GRANTED** to the extent Arch's Third and Eighth Affirmative Defenses have been **WITHDRAWN**. *See* Response at 9. Otherwise, it is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of April, 2009.

/s/ Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record and
    pro se parties, if any